# IN THE UNITED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| PAMELA POLLARD, STACY M. ) <br> BLECHINGER and ARTHUR H. ) <br> SIGMUND, individually and on behalf ) <br> of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GPM INVESTMENTS, LLC ) <br> ) <br> Defendant. ) | CIVIL ACTION NUMBER: <br> 3:10cv115 |

### PLAINTIFFS' REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR COURT-SUPERVISED NOTICE PURSUANT TO § 216(b) OF THE FAIR LABOR STANDARDS ACT

**COME NOW** the Plaintiffs, Pamela Pollard, Stacy M. Blechinger and Arthur H. Sigmund (hereinafter "Plaintiffs"), in the above-styled lawsuit, and for their Reply to Defendant's Brief in Opposition to Plaintiff's Motion for Court-Supervised Notice Pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") state as follows:

### Argument

Plaintiffs' Motion for Court-Supervised Notice should be granted for the reasons set forth in their Memorandum in Support (Doc. 15) and, as well, for the following reasons:

**A.  Defendant's Brief in Opposition is Untimely**

Plaintiffs' filed their Motion for Court-Supervised Notice on or about July 27, 2010. Under Rule 7(F)(1) of the Local Rules of the United States District Court for the

Eastern District of Virginia and the Scheduling and Jury Pre-Trial Order entered in this case, Defendant's Brief in Opposition was due eleven (11) days after Plaintiff's Motion was filed, or on before August 6, 2010.  Doc 12, p.5, ¶ 20.  Defendant filed its Brief in Opposition on August 11, 2010 (Doc 17); therefore Defendant's opposition to Plaintiffs' Motion is untimely and should be denied.

**B.     Plaintiffs' Motion is Not Untimely**

Plaintiffs' Amended Complaint alleging violations of the FLSA by Defendant was filed on or about April 6, 2010 (Doc 3).  The Complaint alleged that for the three-year period immediately preceding the filing of the original Complaint, or since February 22, 2007, Store Managers and Deli Managers employed by the Defendant were improperly classified by Defendant as exempt employees.  Defendant filed its Answer to Amended Complaint on or about June 2, 2010 (Doc 7).  Defendant makes no argument that it has been prejudiced by any delay in Plaintiffs' filing of their Motion for Court-Supervised Notice; instead, Defendant merely argues that granting the Motion likely would require continuing the trial date scheduled for November 22, 2010.  Even if Plaintiffs' filed their Motion on the day of the Pre-trial Conference on June 24, 2010, and if the Court granted Plaintiffs' motion, holding the trial on the currently scheduled date likely would have been impossible given the two-step certification process for collective actions under § 216 outlined by the Eleventh Circuit Court of Appeals in *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, (11th Cir. 2001).  This two-step process can be expected to include exchanging contact information between counsel about prospective joiners, mailing notice to and receiving consent from prospective joiners, and filing consents with the

Court, as well as the likely need to conduct discovery on whether the plaintiffs are similarly situated, to file a motion for certification of the class and to proceed with discovery on the issues in the underlying FLSA case.  Plaintiffs have submitted evidence of their knowledge that there are similarly-situated employees of Defendant who would benefit from the issuance of notice of the existence of this lawsuit.  As noted by the United States Supreme Court in *Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 170 (U.S. 1989), "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."  Under *Hoffman-LaRoche*, the Court has discretion to "manage the process" and set appropriate deadlines in order to meet that goal.  *Id.* at 169.

**C.     Notice should be provided to all Store Managers employed by Defendant since February 22, 2007.**

Notice of a lawsuit filed by Mian Hasan for violations of the FLSA by GPM Investments, LLC, was provided to Defendant's Store Managers in the case of *Mian Hasan v. GPM Investments, LLC*, (D.C. Conn., Civil Action No.: 3:07-CV-1779) (hereinafter "the Connecticut litigation").  Notice in the Connecticut litigation appears to have been mailed to those Store Managers who worked for the Defendant during the period between March 14, 2005, and October 22, 2008 (Doc 17-2, Exh. 2 of Def.'s Brief in Opp.).

While the notice period of the Connecticut litigation overlaps with the instant case, the periods are not mutually exclusive.  All of Defendant's Store Managers, regardless of whether they joined the Connecticut litigation, should have an opportunity to join the instant litigation.  Defendant's Store Managers who have been employed by

Defendant at any time since February 22, 2007, including those who may have received notice of the Connecticut litigation, should receive notice of the instant litigation in order to ensure that they are properly compensated for the overtime hours they may have worked since the notice period of the Connecticut litigation.

The collective action provision of § 216 of the FLSA is an opt-in provision and allows individuals who receive notice of a collective action to make their own personal decision regarding whether it is proper and appropriate for them to choose to join the litigation for which they receive notice, to file a separate lawsuit themselves or to join later litigation. No determination is made when an individual decides not to join litigation regarding the personal reasons why a person may choose not to participate. Choosing not to join a § 216 collective action should not extinguish a person's right to file his or her own lawsuit.

Furthermore, Defendant asks this Court to impose a burden on Plaintiffs to show that individuals who chose not to join the Connecticut litigation will be prejudiced if they are not provided notice of subsequent litigation which they are eligible to join. Defendant acknowledges that no case exists which limits the rights of potential plaintiffs to receive notice of lawsuits pending under § 216. In addition, in asking the Court to place a requirement on § 216 which does not exist, Defendant, in essence, asks this Court to create a burden on Plaintiffs where none exists. Under § 216, *Hipp*, and other case law fleshing out the procedures for providing notice to potential joiners, defendants like GPM Investments, LLC, have the burden at the second stage of the certification process to show that potential joiners are not similarly situated. *Hipp,* 252 F.3d at 1208. *Purdham v. Fairfax Co. Public Schools,* 629 F. Supp. 2d 544, 548 (E.D. Va. 2009). Any argument

Defendant may have that potential joiners should not be a part of the litigation more appropriately should be left to the second stage of collective action certification.

## CONCLUSION

Plaintiffs have met their lenient burden to allow this Court to facilitate notice to potential members of a collective action. Accordingly, Plaintiffs respectfully request that the Court conditionally certify the class and permit issuance of notice to all current and former Deli Managers and Store Managers of Defendants as described in the class definition.

Respectfully submitted,

/s/
J. Allen Schreiber (VSB #79397)
Joanna L. Suyes (VSB #74226)
Marks & Harrison, P. C.
1500 Forest Ave., Suite 100
Richmond, VA  23229
phone:  804-282-0999
fax:  804-288-1330
aschreiber@marksandharrison.com
jsuyes@marksandharrison.com
*Attorneys for Plaintiffs*

**Certificate**

       I hereby certify that on the 13th day of August, 2010, I electronically filed the foregoing Reply Brief in Support of Plaintiffs' Motion for Court-Supervised Notice of Collective Action with the Clerk of Court using the CM/ECF system which will then send a Notification of Electronic Filing (NEF) to:

Scott W. Kezman, Esquire (VSB #36831)
Mark E. Warmbier, Esquire (VSB # 77993)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
757-624-3000 (voice)
757-624-3169 (facsimile)
swkezman@kaufcan.com
mewarmbier@kaufcan.com
*Counsel for GPM Investments, LLC*

                                                   /s/
                                    Joanna L. Suyes (VSB #74226)
                                    Marks & Harrison, P. C.
                                    1500 Forest Ave., Suite 100
                                    Richmond, VA  23229
                                    phone:  804-282-0999
                                    fax:  804-288-1330
                                    jsuyes@marksandharrison.com
                                    *Attorney for Plaintiffs*