UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

PAMELA POLLARD,
STACY M. BLECHINGER,
ARTHUR H. SIGMUND,

                Plaintiffs,          Action No. 3:10–CV–115

v.

GPM INVESTMENTS, LLC,

                Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiffs' Motion for Court-Supervised Notice Pursuant to § 216(b) of the Fair Labor Standards Act. (Doc. No. 14.) Plaintiffs request that the Court enter an Order directing that nationwide notice be sent to all store and deli managers currently employed by Defendant or previously employed within three years of Plaintiffs' Complaint. Defendants argue that the case should proceed with the three named Plaintiffs only. For the reasons stated below, the Court hereby GRANTS Plaintiffs' Motion.

**I. BACKGROUND**

Plaintiffs' Complaint alleges that Defendant violated the overtime premium pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Specifically, Plaintiffs allege that Defendant intentionally or recklessly failed to pay them overtime for each hour worked over forty hours per week after improperly classifying them as exempt under the FLSA's executive exemption. Plaintiffs maintain that they worked 50 to 70 hours per week without receiving any overtime pay. Plaintiffs assert that Defendant's compensation policies

violated the FLSA's provisions requiring payment of overtime to non-exempt employees for each hour worked over forty hours per week. Plaintiffs believe there are at least 400 other store and deli managers employed by Defendant who are in the same position and may wish to join the lawsuit if notified of it. Plaintiffs request that the Court authorize notice to all of the Defendant's employees who were not properly compensated during the past three years and that Plaintiffs be allowed to give the notice allowing potential class members to opt-into the class.

To facilitate notice, Plaintiffs request that the Court order that: (1) Defendant must provide Plaintiffs' counsel with lists of all current and former employees within the putative class within ten days; (2) Plaintiffs have ten additional days to prepare and mail notices to the potential class; and (3) the notice period will close ninety days after the second ten-day period ends.

## II. APPLICABLE LAW

The FLSA provides that an employer who violates the Act is liable to employees for unpaid overtime compensation. 29 U.S.C. § 216(b). The Act also provides in relevant part:

> An action ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. Id.

District courts have discretion to implement § 216(b) "'...by facilitating notice to potential plaintiffs.'" Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) (quoting Shaffer v. Farm Fresh, 966 F.2d 142, 147 (4th Cir. 1992)). While several circuits have developed tests for determining whether notice should issue, "the Fourth Circuit has not ruled on the matter." Id. Although the Fourth Circuit has not designated a test for determining whether a

Court should facilitate notice, the statute itself provides some guidance by requiring that plaintiffs be "similarly situated." Id. See also 29 U.S.C. § 216(b). The Eastern District of Virginia has held that, before a court can order that notice issue, "plaintiffs must demonstrate that there are others similarly situated. Mere allegations will not suffice; some factual evidence is necessary." Bernard, 231 F. Supp. 2d at 435.

### III. DISCUSSION

Plaintiffs request that the Court conditionally certify the class and order that notice should issue. Plaintiffs' justification is that questions of law or fact common to all deli and store managers predominate over questions that affect individual members. As such, a class action is the superior form of adjudicating the controversy. Plaintiffs further assert that Court-supervised notice promotes judicial economy because all of the Defendant's employees' claims will be addressed in one action, which will avoid clogging the Court's docket with copycat lawsuits.

A. Two-Tiered Approach to Class Certification

Plaintiffs urge the Court to adopt the two-tiered approach outlined in Hipp v. Liberty National Life Insurance Company, 252 F.3d 1208 (11th Cir. 2001), to certify the class. The Eleventh Circuit held in Hipp that, to determine if a class should be certified, a court should first "[evaluate] the case under a lenient standard," which would likely result in certification, and then re-evaluate "the similarly situated question at a later stage, once discovery [produces] more information regarding the nature of the Plaintiffs' claims." Hipp, 252 F. 3d at 1217-18.

Plaintiffs in the present case assert that they share common questions of law or fact with Defendant's other workers and that their claims are typical of other managers in their positions. Plaintiffs maintain that they are similarly situated to the other store and deli managers employed

by Defendant because each potential plaintiff was employed in a managerial position and required to work a certain number of hours per week for their salaries. Like the named plaintiffs, each potential class member, at some point, worked more than forty hours per week without receiving overtime pay. As such, Plaintiffs believe they have met the preliminary requirements for class certification.

While the Fourth Circuit has not set forth a specific test, federal precedent appears to follow the two-step analysis for granting class certification. Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). The Eastern District of Virginia describes the two-step process as consisting of a "notice stage," at which the court "decides whether to provide initial notice of the action to potential class members," followed by a second stage that takes place only if the "defendant files a motion for decertification, usually after discovery is virtually complete." Id. at 562-63. While the first stage requires a "fairly lenient standard," courts apply a higher standard at the second stage and engage in an analysis to determine if the plaintiffs are similarly situated. Id. The burden is on the plaintiffs to prove that they are similarly situated. Id. at 563. If they satisfy the burden, the class action proceeds to trial; if the court finds that the plaintiffs are not similarly situated, "the class is decertified and the original plaintiffs proceed on their individual claims." Id.

Plaintiffs' Complaint and the affidavits attached to the present Motion justify notice of the action to potential class members. Plaintiffs Pollard and Sigmund have submitted affidavits stating that, while they were called managers, they had primarily non-managerial responsibilities, and regularly worked more than forty hours per week without receiving overtime compensation. The affidavits also state that Plaintiffs know other managers with the

same job title and responsibilities who are similarly situated. After considering Plaintiffs' Complaint and the affidavits, the Court finds that Plaintiffs have met the "notice stage" requirements and have shown that they are entitled to conditional certification of the class.

      B.      <u>Notice Should Issue to All Managers</u>

A class action filed in the District of Connecticut makes nearly identical allegations against Defendant as the instant case. Store managers who worked for Defendant between March 14, 2005, and October 22, 2008 received notice of the Connecticut litigation and were invited to join the class action. Plaintiffs argue that the Court should order that notice of the present litigation be issued to all store managers employed by Defendant since February 22, 2007, including those who received notice of the Connecticut litigation. Plaintiffs assert that the store managers who were given notice of the Connecticut litigation and those who joined that litigation should be given the opportunity to join the instant litigation to ensure that they are properly compensated for the overtime hours they may have worked since the Connecticut litigation's notice period. Plaintiffs further assert that choosing not to join one § 216(b) action should not preclude a person from joining another action.

Defendant, on the other hand, argues that the Court should limit notice to (1) deli managers and (2) store managers who were not noticed in Connecticut case. Defendant states that this is fair because one of the goals of § 216(b) is to avoid "a multiplicity of duplicative suits...." <u>Hoffmann</u>, 493 U.S. at 172. Defendant also asserts that it is not asking the Court to limit or prohibit a second FLSA class action that has the same pool of plaintiffs. Instead, Defendant asks the Court to put the burden on Plaintiffs to show that the rights of the potential class members who received notice but did not join the Connecticut litigation will be prejudiced if

they are not given a second opportunity to opt-in.[1] Defendant argues that Plaintiffs cannot satisfy this burden because there is no evidence that the store managers who received notice of the Connecticut case and declined to join would be prejudiced if they did not receive a second notice. Defendant also asserts that the forty-eight store managers who are already plaintiffs in the Connecticut case should not be re-noticed because they chose to join the Connecticut litigation and that decision should not be disturbed.

Defendant has imposed upon Plaintiffs a burden where none exists. Furthermore, Defendant acknowledges that there is no authority that limits the right of potential plaintiffs to receive notice of § 216(b) lawsuits. As such, the Court will not impose this burden on Plaintiffs. To the extent Defendant believes potential class members should not be permitted, Defendant may raise those arguments at the second stage of the process.

    C.    <u>Plaintiffs' Motion is Not Untimely</u>

Defendant argues that Plaintiffs unreasonably delayed in bringing the instant Motion in an attempt to obtain a four or five month delay in the trial of this matter. Defendants note that Plaintiffs waited nearly six months after filing the Complaint to request Court-supervised notice pursuant to § 216(b) of the FLSA. Because Plaintiffs' requested notice period would expire after the November 22, 2010 trial date in this matter, Defendants argue that Plaintiffs' request is untimely and should be denied. Plaintiffs assert that Defendant has made no argument that it has

---

[1] Defendant cites <u>Russell v. Wells Fargo & Co.</u>, 2008 WL 4104212, *5 (N.D. Cal. 2008), in which the court held that notice could not be re-sent to class members who previously received notice of the same lawsuit but did not opt in, as the plaintiff did not show that the rights of the people who received notice but did not opt in would be prejudiced if they weren't given a second opportunity to join. That case dealt with a multiple notices in the same lawsuit, however, whereas the case presently before this Court deals with two separate lawsuits.

been prejudiced by Plaintiffs' delay in bringing the Motion and that continuing the trial date should not present an issue because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman, 493 U.S. at 170.

Because Defendant has not shown that it has suffered prejudice due to the timing of Plaintiffs' Motion, the Court finds that the Motion is not untimely.

D. Court Will Not Limit Notice Period to Thirty Days

Defendant requests that the Court limit the notice period to thirty days to avoid an extensive delay in the trial of this matter. The Court declines Defendant's request.

## IV. CONCLUSION

Defendant has not shown that the timing of Plaintiffs' Motion resulted in prejudice to Defendant nor has Defendant offered a legitimate reason for denying Plaintiffs' Motion or for its position that Plaintiffs must prove that the managers who have already been offered the opportunity to join the Connecticut litigation would be prejudiced if not given the opportunity to join the present litigation. For these reasons the Court GRANTS Plaintiffs' Motion.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __18th__ day of October 2010